## JOHN CASPER v. NIC. FREDERICK.[1]

### June 4, 1920.

### No. 21,844.

**Sale of seed corn — breach of warranty — reduction of damages by failure to replant.**

1. In an action for damages for the breach of warranty of the germinating quality of seed corn sold by the defendant to the plaintiff, the

[1]Reported in 177 N. W. 936.

failure of the plaintiff to replant, if he reasonably should have done so, does not prevent a recovery for a loss occasioned by defects in the seed, but only reduces the amount of the recovery.

**Judicial notice not taken of custom of farmers to replant.**

2. Although judicial notice is taken of facts of common knowledge, of the succession of seasons, of seed time and harvest, and of the general course of agriculture, when the issue is whether the plaintiff, under the circumstances stated in the preceding paragraph and more fully in the opinion, should have lessened his loss by replanting, judicial notice will not be taken of the custom among prudent farmers to replant, and upon such custom judicially noticed a legal duty to replant rested. The custom and the duty of the plaintiff should be determined as a fact upon evidence directed to the issue.

Action in the municipal court of Mankato to recover $240 for breach of warranty in the sale of seed corn. The answer admitted the purchase of the seed corn by plaintiff at $10 per bushel and alleged that plaintiff failed to properly prepare his ground and care for the corn and that, if there was more than the ordinary failure of his corn, it was due thereto and not by reason of any defect in the corn. The case was tried before Goff, J., who made findings that it was the duty of plaintiff to follow the usual custom of farmers in supplementing the first planting of corn by replanting missing hills as soon as they could be detected and mitigate the damages occasioned by the failure of the crop to respond to the warranty, and ordered judgment in favor of the defendant. From an order denying his motion for a new trial, plaintiff appealed. Reversed.

*C. J. Laurisch,* for appellant.

*H. L. & J. W. Schmitt* and *H. W. Volk,* for respondent.

DIBELL, J.

Action to recover for the breach of a warranty in the sale of seed corn. There were findings for the defendant and the plaintiff appeals from the order denying his motion for a new trial.

1. The court found that the defendant sold to the plaintiff two bushels of seed corn for $20; that he warranted that it had been tested and would grow; that it was not as warranted and produced only a half

146 M.—8.

crop; that the plaintiff was damaged in the sum of $240; that it was the usual custom when seed did not germinate to replant the missing hills or the whole field; that it was the usual practice to supplement the first planting by a succeeding planting; that this was the course adopted by ordinarily prudent men in raising corn; that the plaintiff ascertained that there was a partial failure of germination before it was too late to replant and did not replant; that it was his legal duty to replant and by replanting mitigate his damages, and that the defendant was entitled to judgment.

The damages of $240 represent the loss sustained by the plaintiff which the court held he should have lessened. To what extent a reasonable effort would have mitigated the damages does not appear. The plaintiff was not deprived of all damages because he neglected to diminish his loss by replanting. He should have his damages, less the amount by which he should have reduced them. There should have been an ascertainment of this fact. Judgment should not have been directed for the defendant upon the findings as recited.

2. The finding that it was customary in good husbandry to replant missing hills, and that it was the usual practice to supplement the first planting by a succeeding planting, and that this course was adopted by ordinarily prudent men in the raising of corn, was not based upon evidence. Judicial notice of such facts was taken.

Courts take judicial notice of matters of common knowledge, of the notorious facts of commerce and industry, of the general succession of seasons, of general climatic conditions, of seed time and harvest time, and of the general course of agriculture. Wigmore, Ev. § 2580; 1 Jones, Ev. § 129; Dunnell, Minn. Dig. and 1916 Supp. § 3451; 16 Cyc. 854, 874-876; 15 R. C. L. 1103; 8 Dec. Dig. Ev. §§ 5-7, 13; 10 Second Dec. Dig. Ev. §§ 5-7, 13. We are constrained to hold, however, that upon the issue before us judicial notice cannot take the place of evidence in determining the custom as to replanting of corn which does not germinate, and there be rested upon such notice a legal duty of the plaintiff, in the situation presented by the evidence, to replant. So much depends upon the character of the season, the time of the original planting, the local climatic conditions at the time when the failure to germinate is ascertained, the nature of the soil, the latitude

and the particular location, that it is unsafe to rest the duty of the defendant to replant, upon which a legal right or liability is based, upon a custom judicially noticed. What the plaintiff's duty is in the particular situation should be determined as a fact upon a consideration of evidence directed to the issue.

If upon a new trial it is found that a warranty was made, a careful application of the correct rule of damages and the rule as to the duty of the injured person to lessen his damages, will result in a fair adjustment of the rights of the parties. There is considerable evidence that the plaintiff's ground, or at least some of it, was not in good condition for receiving seed, and that the failure of the seed to germinate could be traced partly or largely to the fault of the plaintiff.

Order reversed.